117 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
RITE-WAY MEAT PACKERS, INC., a California Corporation,
Plaintiff-Appellant,
v.
NATIONAL BEEF PACKING COMPANY, L.P.; HYPLAINS BEEF, L.C.,
Defendants-Appellees.
 No. 96-56214.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 24, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-94-07657-JGD; John G. Davies, District Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rite-Way Meat Packers, Inc. ("Rite-Way") appeals the district court's grant of summary judgment in favor of National Beef Packing Company, L.P., and Hyplains Beef, L.C. (collectively "National") in its diversity action for breach of oral contract. We have jurisdiction pursuant to 28 U.S.C. § 1291. After a de novo review, see Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996), we affirm.
 
 
 3
 Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law. See Fed.R.Civ.P. 56(c); Warren, 58 F.3d at 441.
 
 
 4
 Rite-Way first contends that a March 4, 1994 oral agreement with National to purchase six loads of boneless navel per week through the end of 1994 is enforceable because National thereafter accepted two of Rite-Way's purchase orders for six loads. This contention lacks merit.
 
 
 5
 The Statute of Frauds requires contracts for the sale of goods for $500 or more to be in writing and signed by the party to be charged. See Cal. Com.Code § 2201(1).[1] However, an oral contract between merchants is enforceable where written confirmation is sent, unless the receiving party objects in writing within ten days after receipt. See Cal. Com.Code § 2201(2). The written confirmation must contain all essential terms to create an enforceable contract. See Ellis v. Klaff, 216 P.2d 15, 19 (Cal.Ct.App.1950). A purchase order does not constitute written confirmation of an oral agreement where it makes no reference to the agreement. See Continental Nut Co. v. Slate, 217 P.2d 673, 677 (Cal.Ct.App.1950).
 
 
 6
 Here, the two purchase orders sent by Rite-Way did not state the duration of the agreement. Thus, they were insufficient to constitute a written confirmation for lack of an essential term. See Ellis, 216 P.2d at 19. Furthermore, the purchase orders could not constitute written confirmation of the oral agreement because they made no reference to it. See Continental Nut Co., 217 P.2d at 677.[2]
 
 
 7
 While Rite-Way did send National a proper written confirmation of the alleged oral agreement in a letter dated April 14, 1994, the letter did not create an enforceable contract because National objected to the confirmation in writing eight days later. See Cal. Com.Code § 2201(2). Accordingly, Rite-Way's alleged oral contract with National is barred by the Statute of Frauds as a matter of law. See Cal. Com.Code §§ 2201, 2201(2).[3]
 
 
 8
 Rite-Way also contends that there is a triable issue of material fact as to whether National should be equitably estopped from asserting the Statute of Frauds because Rite-Way would suffer unconscionable injury if National is allowed to repudiate the oral agreement. This contention lacks merit because Rite-Way admitted that it had not detrimentally changed its position in reliance on the alleged oral agreement. See Munoz v. Kaiser Steel Corp., 203 Cal.Rptr. 345, 348-49 (Cal.Ct.App.1989).[4]
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We apply California substantive law because the district court had diversity jurisdiction. See Intel Corp. v. Hartford Acc. & Indem. Co., 952 F.2d 1551, 1556 (9th Cir.1991)
 
 
 [2]
 National filled these orders pursuant to a November 1993 contract with Rite-Way to ship five loads per week through June of 1994. According to the testimony of Rite-Way's president, it was not uncommon under this contract for National to offer more than five loads when they were available
 
 
 [3]
 Rite-Way also contends that the parties' previous course of dealing is relevant to determine the meaning of the agreement. This contention lacks merit because course of dealing cannot be utilized to circumvent the Statute of Frauds. See Cal. Com.Code § 1205, cmt. 4; see also Ellis, 216 P.2d at 19-20 (holding that parol evidence is inadmissible to establish essential terms of contract)
 
 
 [4]
 Rite-Way also contends for the first time on appeal that National will be unjustly enriched if it is not equitably estopped from asserting the Statute of Frauds. Because Rite-Way did not raise the argument of unjust enrichment in the district court, we do not reach it. See Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1488 (9th Cir.1995)